8176.

NO. 8176                    STATE OF LOUISIANA

BRANTLEY & DOBY
                            COURT OF APPEAL
         VS

WILLIAM COMERFORD.          PARISH OF ORLEANS.

_____

2/22

OPINION.

Dinkelspiel, Judge.

The practically indisputed facts of this case (now that the evidence has been heard) are; That defendant had a formal contract with the Dock Board to do certain construction work, and an informal sub-contract with plaintiffs to furnish some of the materials he needed; that the materials furnished by plaintiff was rejected by the Engineer of the Board, whose opinion was to be final as plaintiff had been informed; that defendant had to obtain other material at a higher cost; and that plaintiffs material was then sold with their consent and for their account.

I.

Plaintiffs now sue for the value of their material, say $242.41, less freight paid, say $80.19; leaving a balance of $162.22 claimed in the petition. Against this claim defendant offsets his damages amounting to $157.77, being the amount paid for new material, say $226.77, less proceeds of rejected material, say $169. Deducting the $157.77 of damages, to which defendant is clearly entitled, from the $162.22 due plaintiff, leaves a balance of $4.45 in favor of plaintiff.

Now this last amount is the most to which plaintiffs could be entitled under the most favorable aspects of their claim. But the defendant set up in reconvention a further claim of $300 (of which more hereafter), which the district judge allowed and thus gave a net judgment in favor of defendant for $295.55.

II.

The reconventional demand for $300 arises out of the fact that defendant was charged with that amount as liquidated damages, being for twelve days delay at $25

per day, as fixed in his contract with the board; which delay he attributes solely to the fault of plaintiffs.

As we said before, the contract between defendant and the board was a formal one, in which ;iquidated damages for delays were stipulated; whilst the contract between defendant and plaintiffs was ###### wholly informal; simply the purchase of an article which was to beme up to certain requirements.

Now there is no charge or pretense of bad faith on the part of plaintiffs; and the measure of damages for breach of contract without bad faith, is such damages as were contemplated, or may reasonably be supposed to have been contemplated, at the time the contract was made; that is to say, such damages as were or might have been foreseen. C. C. 1934 No. 1; C. C. 1943.

But penalties, and stipulated or liquidated damages, are necessarily special damages, since they may always be arbitrarily fixed; and hence for defendant to recover these ####### demurrage charges, it must be shown not only that plaintiffs were informed that defendant himself was under a general liability for demurrage charges, but also that plaintiffs were made aware that they in turn would be looked to for reimbursement in case of their own default. See 13 Cyc pages 31 to 36, and especially Note 89-- Also 17 Corpus Juris page 747 notes 1 and 2.

But there is no such evidence in this case. Defendant swears merely that he sent copies of the specfications to plaintiffs. Plaintiffs swear that the only copies of the specifications received were extracts thereof relating to the stone material they were to furnish and not the full specffications containing the demurrage clauses; and they point out circumstances tending to corroborate their statement.

Such a conflict alone would suffice to dispose of defendants claim, since the burden was upon him to make his case certain. But indeed we find no conflict, since defendant does not even claim to have sent the full specifications. Throughout his correspondence and his testimony we find no such statement. On the contrary he testifies later that the copies of specifications he sent, were the very extracts testified to by plaintiffs, and adds by way of explanation; "I was only interested in that portion of the contract relating to stone."

III.

We think plaintiffs claim unfounded beyond the trifling sum of $4.45, as above stated; and hence will charge them with the costs incurred in the trial court, their claim being virtually rejected. But as defendant's reconventional demand is wholly untenable we will charge him with the costs of this appeal made necessary by his urging thereof (Act of 1910).

The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs, Brantly & Doby, have judgment against defendant, William J. Comerford, for ~~$$$$$~~ Four 45/100 Dollars with legal interest from judicial demand. Plaintiffs to pay the costs of the court below, and defendant to pay the costs of this appeal.